UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-vs-

DAVID C. COLEY,

Defendant.

DECISION AND ORDER

19-CR-6180-1 FPG-MJP

---

**Pedersen, M.J.** Currently pending before this Court is defendant David C. Coley's ("Defendant") motion pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure claiming misjoinder and seeking severance of the counts of the indictment and separate trials for Defendant and his co-defendant, Darren K. Bordeaux ("Bordeaux"). (ECF No. 34-1.)[1] For the reasons set forth below, the Court denies Defendant's application.

## BACKGROUND

Defendant and Bordeaux were named in a two-count Superseding Indictment ("Indictment") returned on March 19, 2020. (ECF No. 25.) Count one charged Defendant as an "armed career criminal in possession of a firearm and ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (*Id.*) Count two charged Bordeaux as a "felon in possession of firearm and ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (*Id.*) While

---

[1] This case has been referred to the undersigned for determination of non-dispositive matters. (Text Order of Referral, Mar. 19, 2020, ECF No. 27.)

contained in separate counts, the Indictment states that on February 21, 2019, both defendants:

> unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) 9mm Luger (9x19mm) caliber, Jimenez Arms J.A. Nine, semiautomatic pistol, bearing serial number 334580; and ammunition, namely, five (5) rounds of 9mm Luger (9x19mm) caliber Federal ammunition and six (6) rounds of 9mm Luger (9x19mm) caliber Winchester ammunition.

(*Id.* at 1–2.)

As explained by the government, the only difference between the charges against the defendants relates to their prior convictions. (Gov't's Resp. Mem. of Law at 3, June 15, 2020, ECF No. 42.) Defendant's prior convictions bring him under the Armed Criminal Career Act, whereas Bordeaux's prior convictions do not. (*Id.*)

With his motion, Defendant contends there was not a sufficient basis for joinder in the first instance under Rule 8(b). (Def.'s Mem. of Law at 7, May 8, 2020, ECF No. 34-2.) Defendant further argues that policy considerations weigh against joinder. (*Id.* at 11.) Finally, Defendant asserts that even if joinder was permissible, substantial prejudice warrants severance of the defendants' cases under Rule 14. (*Id.* at 12.)

## ANALYSIS

### *Joinder was permissible under Fed. R. Crim. P. 8(b).*

Rule 8(b) of the Federal Rules of Criminal Procedure permits joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an

offense or offenses." Fed. R. Crim. P. 8(b). The Second Circuit has interpreted the phrase "same series of acts or transactions" to sanction joinder "where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Rittweger,* 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Cervone,* 907 F.2d 332, 341 (2d Cir. 1990), *cert. denied,* 498 U.S. 1028 (1991)), *cert. denied,* 555 U.S. 1202 (2009)). Thus, "[a] 'series' exists if there is a logical nexus between the transactions." *United States v. Joyner,* 201 F.3d 61, 75 (2d Cir. 2000), *clarified on reh'g in part,* 313 F.3d 40 (2d Cir. 2002), *cert. denied,* 540 U.S. 1201 (2004). Indeed, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Whether joinder is proper in a particular matter is a question of law to be determined on a case-by-case review of the allegations of the indictment. *See Rittweger,* 524 F.3d at 178 & n.3 ("whether the joinder of defendants in two conspiracies is warranted must be determined on a case-by-case basis[,] . . . [and] the decision to join parties turns on what is 'alleged' in the 'indictment.'") (quoting Fed. R. Crim. P. 8(b)); *United States v. Galietti*, No. 3:06CR161 (EBB), 2007 WL 3231694, *2 (D. Conn. Oct. 31, 2007) ("[w]hether joinder is proper is a question of law that depends on the allegations in the indictment."). Indeed, the Second Circuit has cautioned that when considering whether joinder is proper, "the plain language of Rule 8(b) does not appear to allow for

3

consideration of pre-trial representations not contained in the indictment, just as the language of the Rule does not allow for the consideration of evidence at trial." *Rittweger*, 524 F.3d at 178 & n.3; *United States v. Moran*, No. 11-CR-6083 (CJS), 2013 WL 6408124, *2 (Nov. 26, 2013 W.D.N.Y.), *R. & R. adopted*, 2015 WL 641825 (Feb. 13, 2015 W.D.N.Y.) ("Whether joinder is proper in a particular matter is a question of law to be determined on a case-by-case review of the allegations of the indictment"). In undertaking this analysis, the Court should "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." *United States v. Shellef,* 507 F.3d 82, 98 (2d Cir. 2007) (citing *United States v. Turoff,* 853 F.2d 1037, 1044 (2d Cir. 1988)).

Defendant contends that joinder was not proper because the government's allegations only support that two different individuals possessed a weapon two hours apart, and, further, that the evidence fails to establish that the defendants possessed the same weapon. (Def.'s Mem. of Law at 9, ECF No. 34-2.) Defendant relies upon the testimony of a witness who described the gun she observed in Bordeaux's possession on the date of the incident and who also indicated to law enforcement that the gun allegedly possessed by Defendant was not the same one she had seen Bordeaux carrying on the day in question. (*Id.* at 9–10.) Defendant concludes that each defendant is alleged

4

to have participated in different acts in the Indictment such that the criteria for joinder has not been satisfied. (*Id.* at 9, 11.)

However, as the government correctly asserts (Gov't's Resp. Mem. of Law at 5–6, ECF No. 42), Defendant's contentions fail because his arguments would require this Court to look outside the four corners of the Indictment, which is not permissible to determine whether the government misjoined these two defendants. A simple review of the Indictment demonstrates that both defendants are alleged to have been in possession of the same gun—established by the allegation that the gun possessed by both defendants bore the same serial number—on the same day. (ECF No. 25.) These allegations are sufficient to demonstrate that the defendants' criminal acts are unified by some substantial identity of facts and are logically connected. Utilizing the common sense approach adhered to by the Second Circuit, "a reasonable person would easily recognize the common factual elements that permit joinder." *Turoff*, 853 F.2d at 1044. Accordingly, joinder under 8(b) is proper.

### *Policy considerations favor joinder.*

Defendant contends that even if joinder is proper, policy considerations militate against joinder because trying the two defendants together would delay Defendant's case. (Def.'s Mem. of Law at 11, ECF No. 34-2.) At the time the present motion was filed, most pretrial motions in Defendant's case had been litigated, whereas the parties were just beginning to litigate pretrial issues relating to Bordeaux. (*Id.*) This is no longer a concern given that

Bordeaux has not filed any pretrial motions and his time for doing so has expired (ECF No. 46.) In other words, the two defendants are presently in the same procedural posture such that Bordeaux's case will not delay Defendant's case.

Further, "joint trials play a vital role in the criminal justice system . . . promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537–38. (citations omitted). Based upon the forgoing, policy considerations weigh in favor of joinder.

### *Severance is not required under Rule 14.*

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials[.]" The party requesting severance must demonstrate substantial prejudice: "[w]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Cardascia,* 951 F.2d 474, 482 (1991) (in order to successfully challenge the denial of a request for severance, a defendant "must establish prejudice so great as to deny him a fair trial"); *United States v. Friedman,* 854 F.2d 535, 563 (2d Cir. 1988),

6

*cert. denied*, 490 U.S. 1004 (1989) ("[T]he defendant must show that he or she suffered prejudice so substantial as to amount to a 'miscarriage of justice.'") (citations omitted). "That the defendant would have had a better chance of acquittal at a separate trial does not constitute substantial prejudice." *United States v. Carson,* 702 F.2d 351, 366 (2d Cir. 1983). Further, a trial court's decision concerning severance is considered "virtually unreviewable," and the denial of such a motion "will not be reversed unless appellants establish that the trial court abused its discretion." *Cardascia*, 951 F.2d at 482 (citation omitted).

A a powerful presumption favors joint trials of defendants indicted together based upon the underlying policies of efficiency, avoiding inconsistent verdicts, providing a "more accurate assessment of relative culpability," avoiding victims and witnesses having to testify repeatedly, and avoiding the random favoring of "the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Richardson v. Marsh*, 481 U.S. 200, 210, 219 (1987); *see also Cardascia,* 951 F.2d at 482 ("The deference given by an appellate court to a trial court's severance decision reflects the policy favoring joinder of trials, especially when the underlying crime involves a common plan or scheme and defendants have been jointly indicted."). Further, "[j]oint trials serve the interests of the government, the accused, and the public by eliminating the additional expense and repetition associated with successive prosecutions." *United States v. Van Sichem,* No. SS 89 CR. 813

7

(KWM), 1990 WL 41746, at *1 (April 2, 1990 S.D.N.Y.) (*citing United States v. McGrath,* 558 F.2d 1102, 1106 (2d Cir. 1977), *cert. denied,* 434 U.S. 1064 (1978)).

Defendant presents a two-fold argument that joinder will prejudice him. (Def.'s Mem. of Law at 13, ECF No. 34-2.) He asserts that his Sixth Amendment right to a speedy trial will be violated if he must await the time when Bordeaux's case is trial-ready. (*Id.* at 14.) In addition, Defendant contends that he will suffer prejudice if severance is not granted because the facts involved in the second count of the Indictment against Bordeaux are prejudicial to Defendant and that "the jury may be persuaded by an unfair prejudicial effect." (*Id.* at 15–16.)

Severance is not warranted in this case because Defendant has failed to satisfy the "heavy burden" necessary for such relief. *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir. 1079), *cert. denied*, 442 U.S. 919 (1979). With respect to Defendant's concern regarding prejudice involving his Sixth Amendment right to a speedy trial, as discussed above, since it appears at this point that Bordeaux has forfeited his right to make pretrial motions, both defendants are presumably trial-ready. In other words, Defendant's case will not be subjected to any delay as a result of the progression of Bordeaux's case.

Moreover, Defendant has failed to demonstrate that he will suffer substantial prejudice if the facts surrounding Bordeaux's menacing incident

8

are presented to the jury at a joint trial. The Second Circuit has provided that "the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." *Rittweger*, 524 F.3d at 179; *see also United States v. Chang An–Lo,* 851 F.2d 547, 557 (2d Cir. 1988), *cert. denied*, 488 U.S. 966 (1988) ("differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials.") (citation omitted).

Further, it is well established that limiting instructions provided to the jury can be sufficient to militate the risk of prejudice and the Court believes that is true in this case. *Zafiro*, 506 U.S. at 539; *United States v. Feyrer,* 333 F.3d 110, 114 (even where risk of prejudice is high, "less drastic measures— such as limiting instructions—often suffice as an alternative to granting a Rule 14 severance motion"); *Spinelli,* 352 F.3d at 55 (stating that this was not a case "in which the sheer volume and magnitude of the evidence against one defendant so dwarfs the proof presented against his co-defendant that a severance is required to prevent unacceptable spillover prejudice . . . especially . . . since the district court explicitly instructed the jury to consider the defendants individually"); *United States v. Miller,* 116 F.3d 641, 679 (2d Cir. 1997), *cert. denied,* 524 U.S. 905 (1998) (noting that spillover prejudice may be remedied through clear judicial instructions). Here, while there may be additional proof presented against Bordeaux related to the menacing incident, any potential prejudice resulting from the presentation of that evidence to a

9

jury can be addressed with a curative instruction. In sum, Defendant has not demonstrated the requisite prejudice to warrant severance.

## CONCLUSION

For the reasons set forth above, Defendant's motion to sever (ECF No. 34) is denied.

IT IS SO ORDERED.

DATED: July 21, 2020
　　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　/s/ Mark W. Pedersen
　　　　　　　　　　　　　　　　　　　MARK W. PEDERSEN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge